Jiang v. Whitaker

BIA
Sichel, IJ
A095 369 552

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand eighteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>            *Circuit Judges.*

_____

XIU MEI JIANG,
>        *Petitioner,*

>    v.                                    16-162
>                                          NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal
                       Deputy Assistant Attorney General;
                       Melissa Neiman-Kelting, Senior
                       Litigation Counsel; Allison

Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Mei Jiang, a native and citizen of the People's Republic of China, seeks review of a December 23, 2015, BIA decision that affirmed the May 1, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Mei Jiang,* No. A095 369 552 (B.I.A. Dec. 23, 2015), *aff'g* No. A095 369 552 (Immig. Ct. N.Y. City May 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

2

Jiang applied for asylum, withholding of removal, and CAT relief, asserting that she suffered past persecution when family planning officials fired her from her village brigade and threatened to punish her for helping a friend evade a forced abortion in 2000 and that she fears persecution on account of this resistance to the family planning policy. Because Jiang did not show that she suffered a substantial economic disadvantage from being fired as required for an economic persecution claim and did not suffer any harm from the one unfulfilled threat of punishment, the agency did not err in finding that she failed to demonstrate past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (providing that economic persecution requires that "an asylum applicant . . . offer some proof that [s]he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation marks omitted)); *Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (providing that unfulfilled threats are not persecution); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of

3

treatment our society regards as offensive." (internal quotation marks omitted)).  The agency also did not err in finding that Jiang failed to establish a well-founded fear of persecution on account of her resistance to the family planning policy because she did not provide any evidence that officials remain interested in her since threatening to punish her in 2000 or that officials punish people who help others evade the family planning policy in a manner that rises to the level of persecution.  *See* 8 C.F.R. § 1208.13(b)(2)(i)(B) (requiring applicant to demonstrate "a reasonable possibility of suffering . . . persecution if he or she were to return to [her] country").

Jiang further asserted a fear of forced sterilization based on the birth of her children in the United States in violation of China's population control program.  For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Jiang failed to satisfy her burden for asylum, withholding of removal, and CAT relief based on her family planning claim.  546 F.3d at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court

07102018-5